**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

_____

**Record No. 14-1698**
_____

**HUNTINGTON INGALLS INCORPORATED,**

Petitioner,

v.

**RICKY EASON;**
**DIRECTOR, OFFICE OF WORKERS'**
**COMPENSATION PROGRAMS,**
**UNITED STATES DEPARTMENT OF LABOR,**

Respondents.

_____

**<u>RESPONDENT'S MOTION TO STRIKE PETITIONER'S</u>**
**<u>MOTION FOR LEAVE TO EXTEND FILING TIME FOR BILL OF COSTS</u>**

**Gregory E. Camden, Esquire**
**Counsel for Respondent**
**VSB No.: 36954**
**Montagna Klein Camden, LLP**
**425 Monticello Avenue**
**Norfolk, Virginia 23510**
**Tel No.: (757) 622-8100**
**Fax No.: (757) 622-8180**
**Email:   gcamden@montagnalaw.com**

**RESPONDENT'S MOTION TO STRIKE PETITIONER'S
MOTION FOR LEAVE TO EXTEND FILING TIME FOR BILL OF COSTS**

On June 2, 2015 the Court entered a judgment which was followed by a Mandate on August 10, 2015. On August 17, 2015 the Petitioner filed a Bill of Costs, seeking reimbursement for $1,592.70 in court fees.

Respondent now files a Motion to Strike Petitioner's Bill of Costs as untimely, arguing that Petitioner filed their Bill of Costs after the deadline established by the Local Rules had expired. On August 17, 2015 Petitioner filed their Motion for Extension of Time to File the Bill of Costs.

The prevailing party seeks costs allowable on appeal by filing, within 14 days after entry of judgment, the bill of costs form provided with the notice of judgment. Fed. R. App. P. 39(d). The judgment was entered on June 2, 2015, thus, the Petitioner had until June 16, 2015 to file its Bill of Costs. The Petitioner failed to do so until August 17, 2015 arguing that it was under the assumption that the judgment would not take effect until a mandate was issued by the court. However, the Petitioner's argument must fail as it did not demonstrate good cause for filing out of time.

Pursuant to Rule 6(b)(1)(B), the Court may, in its discretion, extend the time for a party to act upon a showing of "excusable neglect." *Id*. While "excusable neglect" is an equitable standard, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). A party cannot easily show "excusable neglect," and the Court should only find "excusable neglect" in "*extraordinary cases* where injustice would otherwise result." *Thompson v. E.I. DuPont de Nemours & Co.*., 76 F.3d 530, 534 (1996).

The Petitioner has made no reasonable explanation for their delay in filing their Bill of Costs. Petitioner explains that they mistakenly calculated the due date of their Bill of Costs from the date the Court issued its Mandate-August 10, 2015, rather than the date of judgment—June 2, 2015. This explanation as to why the Petitioner filed their Bill of Costs in an excess of fourteen days does not satisfy the "excusable neglect" standard. Petitioner's failure to file a timely Bill of Costs amounts to nothing more than inexcusable inattentiveness by counsel, thus, there is no reasonable basis to extend their time to file a Bill of Costs.

In the alternative, if this Court accepts the Petitioner's explanation and grants the Petitioner's Bill of Costs, Respondent objects to the charge of $203.00 for brief filed on December 15, 2014. On December 11, 2014 the Petitioner filed a Motion for Leave to File Corrected Opening Brief. (Doc. 28). The Petitioner sought to "make several essential corrections, most of which are typographical in nature." (Doc. 28). The Respondent should be responsible for costs for the Petitioner seeking correction of a brief that was submitted with typographical errors. Thus, the charge of $203.00 to file such corrected brief should be denied.

For the reasons stated above, the Petitioner's Bill Court should be denied, or in the alternative, the charge of $203.00 should be rejected. Respondent seeks to strike the Petitioner's Bill of Costs from the record as untimely.

Respectfully Submitted,

Ricky Eason,

_____
Gregory E. Camden, Esquire
Counsel for Respondent
VSB No.: 36954
Montagna Klein Camden, LLP
425 Monticello Avenue
Norfolk, Virginia 23510
Tel No.: (757) 622-8100

Fax No.:  (757) 622-8180
Email:    gcamden@montagnalaw.com

CERTIFICATE OF SERVICE

     I hereby certify that on 24th day of August 2015, the foregoing Respondent's Motion to Strike Petitioner's Motion for Leave to Extend the Filing Time for Bill of Costs was served on all parties or their counsel of record through the CM/ECF system which sends notifications of such filing to counsel of record as follows:

Jonathan Walker, Esquire
Mason, Mason, Walker & Hedrick, PC
11848 Rock Landing Drive, Suite 201
Newport News, Virginia 23606
jwalker@masonwalker.com
Counsel for Petitioner

Matthew Boyle, Esquire
Mark A. Reinhalter, Esquire
U.S. Department of Labor
Office of Solicitor
200 Constitution Avenue, N.W.
Suite N-2117
Washington, DC 20210
boyle.matthew@dol.gov
reinhalter.mark@dol.gov
Counsel for Director, Office of Workers' Compensation Programs

                                                   _____
                                                   Gregory E. Camden, Esquire
                                                   Counsel for Respondent
                                                   VSB No.: 36954
                                                   Montagna Klein Camden, LLP
                                                   425 Monticello Avenue
                                                   Norfolk, Virginia 23510
                                                   Tel No.: (757) 622-8100
                                                   Fax No.:  (757) 622-8180
                                                   Email:    gcamden@montagnalaw.com